UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIAN B.[1],

                                               Plaintiff,         Case # 16-CV-355-FPG

v.                                                         DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                             Defendant.
_____

**INTRODUCTION**

Plaintiff Brian B. brought this appeal of the Social Security Administration's ("SSA") decision to deny him disability benefits. ECF No. 1. On April 7, 2018, the Court reversed the SSA's decision and remanded this case for further administrative proceedings. ECF No. 21. Thereafter, the Court awarded Plaintiff's attorney, Timothy Hiller, Esq., $6,500.05 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 26.

On July 28, 2020, the SSA issued a Notice of Award granting Plaintiff $167,072.00 in past due disability benefits and withholding $41,768.00—25 percent—to pay his attorney. ECF No. 27-4. On September 15, 2020, Hiller moved for $41,768.00 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 27.

For the reasons that follow, Hiller's motion is GRANTED and Hiller is awarded $41,768.00 in fees.

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security opinions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only the first name and last initial.

1

## DISCUSSION

**I.      § 406(b) and Reasonableness of the Requested Fee**

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25 percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25 percent statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, the SSA awarded Plaintiff $167,072.00 in past due benefits and therefore counsel's request for $41,768.00 in fees—25 percent of the award—does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because Plaintiff filed a motion for judgment on the

pleadings with non-boilerplate arguments and obtained remand, which ultimately led to a favorable decision awarding Plaintiff benefits.  As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings so as to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination.  *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).  Here, Hiller spent 33.9 hours in connection with the appeal to this Court.  ECF Nos. 27-1 at 6; 27-2 at 3.  Dividing the $41,768.00 fee requested by 33.9 hours yields an hourly rate of $1,232.09.

However, Hiller argues that the Court should not use this method of calculation to determine the hourly rate.  Instead, he suggests that, because he must refund the EAJA fee to Plaintiff, the Court should subtract the amount of the EAJA fee from the requested § 406(b) fee for purposes of calculating the hourly rate.  ECF No. 27-1 at 6-7.  The logic appears to be that, since the SSA—not the Plaintiff—pays the EAJA fee,[2] by remitting the EAJA fee to the Plaintiff, the attorney only nets *from the Plaintiff* the difference between the § 406(b) fee and the EAJA fee. *See James Brian W. v. Comm'r of Soc. Sec.*, No. 18-CV-771SR, ECF No. 28 at 4 (W.D.N.Y. Feb. 25, 2020).  So here, if Hiller receives $41,768.00 in § 406(b) fees from Plaintiff's recovery of benefits, but then remits the $6,500.05 EAJA fee paid by the SSA to Plaintiff, Hiller has only received $35,267.95 from Plaintiff.  Dividing $35,267.95 by 33.9 hours yields $1,040.35, so Hiller has effectively only charged Plaintiff $1,040.35 per hour.

---

[2] "Fees requested pursuant to § 406(b) come from the attorney's client's recovery," whereas EAJA fees come "from the public fisc."  *Plandowski v. Saul*, No. 17-CV-186-A, 2020 WL 6689053, at *3 (W.D.N.Y. Nov. 13, 2020); *see also* 28 U.S.C. § 2412(d)(1)(A) (providing that "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees *payable by the United States* if the Government's position in the litigation was not substantially justified." (emphasis added)).

Some courts have accepted this method of calculation, or at least considered it when analyzing the reasonableness of the requested fee. *See, e.g.*, *Blair v. Saul*, No. 15-CV-307-A, 2020 WL 2744108, at *5 (W.D.N.Y. May 27, 2020); *Hackett v. Saul*, No. 14-CV-6280L, 2020 WL 1915297, at *1 n.1 (W.D.N.Y. Apr. 20, 2020); *Rice v. Comm'r of Soc. Sec*, No. 1:15-cv-00959-MAT, 2019 WL 180668, at *2 (W.D.N.Y. Jan. 4, 2019).

Other courts have rejected it. *See, e.g.*, *Twardowski v. Saul*, No. 18-CV-19F, 2020 WL 6048198, at *3 (W.D.N.Y. Oct. 13, 2020) (finding "no merit" in plaintiff's counsel's argument that the hourly rate should be calculated based on the net of the requested § 406(b) fee and the EAJA fee); *Maldonado v. Comm'r of Soc. Sec*, No. 16-CV-6678, ECF No. 34 at 2 (W.D.N.Y. June 8, 2020) (determining that it was wrong to subtract EAJA award from the amount counsel requests as reasonable fee when calculating hourly rate); *Patel v. Astrue*, No. 10-CV-1437 JG, 2012 WL 5904333, at *4 (E.D.N.Y. Nov. 26, 2012) (explaining that plaintiff's attorney's relinquishment of the EAJA award to the plaintiff "has no effect on the hourly rate at which [plaintiff's attorney] is compensated under § 406(b)").

The Court joins the latter group of courts in rejecting this method of calculating the hourly rate. This is because "§ 406(b) does not differentiate between the source of funds counsel seeks as compensation, but instead directs the Court to focus upon the reasonableness of the fee requested." *James Brian W.*, No. 18-CV-771SR, ECF No. 28 at 6-7. In other words, the fact that the plaintiff ultimately only pays a portion of the § 406(b) award once the EAJA fee "paid by the SSA is returned to plaintiff in no way changes the fact that, if the motion is granted, counsel will have received [the full amount of the requested § 406(b) fee] over the course of counsel's representation of plaintiff." *Id.* at 6. "Subtracting the EAJA award from the award counsel seeks

under 42 U.S.C. § 406(b)(1)(A) serves only to skew the Court's assessment of reasonableness of the overall fee requested." *Id*. at 6-7.

Here, Hiller is requesting $41,768.00, and it is the reasonableness of that amount that the Court should assess. An award of $41,768.00 corresponds to an hourly rate of $1,232.09. While fees of $1,000.00 per hour and higher are generally considered "very high by Western New York standards," *Campana v. Saul*, No. 16-CV-960, 2020 WL 3957960, at *2 n.1 (W.D.N.Y. July 13, 2020), at least one Court in this district has approved an even higher hourly rate. *See Briem v. Barnhart*, No. 05 Civ. 6219, 2006 WL 3374955, at *1 (W.D.N.Y. Nov. 17, 2006) (approving $1,300.00). And courts outside this district, but within this circuit, "have routinely approved contingency fee awards that not only significantly exceed market rates, . . . but reflect hourly rates well above" $1,000.00. *Torres v. Colvin*, No. 11 CIV. 5309 JGK, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) (citing cases approving hourly rates up to $2,100.00).

> Moreover, in cases where the court reduced the attorney's requested award, the court did not reduce the award just because the effectively hourly rate was high; rather, the court reduced the award because it would be a windfall to the attorney in light of the work performed. In those cases, the attorneys performed only a modest amount of work because they secured stipulations for remand instead of submitting briefs on the merits of the case, or because they expended an unreasonable number of hours that the courts declined to compensate. That is not the scenario here—Plaintiff's attorney filed a persuasive brief that led to an award of benefits, and the hours he expended in doing so were appropriate.

*McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926-FPG, 2019 WL 1375084, at *3 (W.D.N.Y. Mar. 27, 2019) (internal citations omitted); *see also Campana*, 2020 WL 3957960, at *2 n.1 (approving high hourly rate in part because it reflected an "incentive necessary for counsel to take contingency-fee cases").

Accordingly, the Court finds that, while the fee that Plaintiff's attorney requests is high, it does not amount to a windfall. Therefore, the Court will award Hiller the $41,768.00 he seeks.

## CONCLUSION

Accordingly, Hiller's motion for attorney's fees under § 406(b) (ECF No. 27) is GRANTED and Hiller is awarded $41,768.00 in fees. The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award. After counsel receives the § 406(b) fee, he must remit the $6,500.05 EAJA fee, which he has indicated he intends to do.

IT IS SO ORDERED.

Dated: March 11, 2021
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court